UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MICHELLE G. NORTHCUTT, § <br> *Plaintiff*, § <br> § <br> v. § <br> § <br> CITIMORTGAGE, INC. AND § <br> FEDERAL NATIONAL MORTGAGE § <br> ASSOCIATION A/K/A FANNIE MAE § <br> *Defendants*. § | CIVIL ACTION NO.: H-12-646 |

**MEMORANDUM OPINION & ORDER**

Pending before the court is CitiMortgage, Inc.'s ("CMI") and Federal National Mortgage Association's ("Fannie Mae") motion for summary judgment. Dkt. 10. Upon consideration of the motion and the applicable law, the motion for summary judgment is GRANTED.

**I. BACKGROUND**

On March 12, 2008, plaintiff Michelle Northcutt ("Northcutt") obtained a home equity loan for $150,200.00 from defendant CitiMortgage, Inc. ("CMI"). Dkt. 11, at 1–4. Northcutt executed a Texas Home Equity Security Lien on the same date, as a first lien against her residential property. *Id.* at 5–23.

In her state court petition, Northcutt alleges she was current on her loan payments through October 2010. Dkt.1, Ex. A-3 ¶ 9. However, in its motion CMI adduced evidence that Northcutt made no payments on her loan after April 2010. Dkt. 11, at 81–83 ¶ 8. On April 19, 2010, CMI sent notice to Northcutt that she was overdue on mortgage payments. *Id.* at 24. Northcutt alleges that from October 2010 to June 2011 she attempted to secure a loan modification with CMI, and that to do so she halted payments on her loan per CMI's advice. Dkt. 1, Ex. A-3 at ¶¶ 9–15. CMI counters that on August 4, 2010, it notified Northcutt that she was ineligible for a loan modification.

Dkt. 11, at 82 ¶ 5. On September 20, 2010, CMI sent notice to Northcutt that her home equity loan was in default. *Id.* at 25–26. Because Northcutt failed to cure the default, CMI notified her on November 1, 2010 that the loan balance was accelerated, putting her debt at $135,275.44. Dkt. 11, at 67– 68, 82 ¶ 5. CMI filed for a Home Equity Foreclosure Order in Harris County court and obtained a default judgment against Northcutt on May 3, 2011. *Id.* at 69–70, 71– 73. In preparation for the foreclosure sale, CMI appointed a substitute trustee for the Deed of Trust. *Id.* at 74. On July 5, 2011, CMI proceeded with the foreclosure sale. *Id.* at 79–80. Defendant Fannie Mae purchased the property, and CMI conveyed the property to them by Substitute Trustee's Deed. *Id.* Northcutt continues to live in the residence. Dkt. 1, Ex. A at ¶¶ 33-35.

Northcutt filed suit in Texas state court on December 2, 2011. Dkt. 1, Ex. A. She brings claims for breach of contract, negligence, wrongful foreclosure and slander of title. *Id.* Northcutt also seeks a declaration that (1) she is the rightful owner of the property; (2) the "alleged foreclosure sale of the Property to Fannie Mae . . . was ineffective, null and void, or alternatively, voidable and rescinded . . . ."; and (3) "that the doctrines of estoppel and laches preclude" the defendants from "taking any action adverse to Northcutt." *Id.* at ¶¶ 18–19. Additionally, she seeks a Temporary Restraining Order and Temporary Injunction preventing the defendants from selling the property or evicting her from it. *Id.* at ¶¶ 33–34.

Defendants removed the case to this court on March 1, 2012. Dkt. 1. They filed a motion for summary judgment on February 15, 2013 Dkt. 10. Although Northcutt participated in mediation with the defendants and agreed to defendants' motion for continuance, she has filed nothing else since removal, including a response to defendants' motion for summary judgment.

## II. LEGAL STANDARD

Summary judgment is proper if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(a); *see also Carrizales v. State Farm Lloyds*, 518 F.3d 343, 345 (5th Cir. 2008). The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; there must be an absence of any genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48, 106 S. Ct. 2505 (1986). An issue is "material" if its resolution could affect the outcome of the action. *Burrell v. Dr. Pepper/Seven Up Bottling Grp., Inc.*, 482 F.3d 408, 411 (5th Cir. 2007). "[A]nd a fact is genuinely in dispute only if a reasonable jury could return a verdict for the non-moving party." *Fordoche, Inc. v. Texaco, Inc.*, 463 F.3d 388, 392 (5th Cir. 2006).

The moving party bears the initial burden of informing the court of all evidence demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548 (1986). Only when the moving party has discharged this initial burden does the burden shift to the non-moving party to demonstrate that there is a genuine issue of material fact. *Id.* at 322. If the moving party fails to meet this burden, then it is not entitled to a summary judgment, and no defense to the motion is required. *Id*. "For any matter on which the non-movant would bear the burden of proof at trial . . . , the movant may merely point to the absence of evidence and thereby shift to the non-movant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial." *Transamerica Ins. Co. v. Avenell*, 66 F.3d 715, 718–19 (5th Cir. 1995); *see also Celotex*, 477 U.S. at 323–25. To prevent summary judgment, "the non-moving party must come forward with 'specific facts showing that there is a

genuine issue for trial.'" *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348 (1986) (quoting former FED. R. CIV. P. 56(e)).

When considering a motion for summary judgment, the court must view the evidence in the light most favorable to the non-movant and draw all justifiable inferences in favor of the non-movant. *Envl. Conservation Org. v. City of Dallas, Tex.*, 529 F.3d 519, 524 (5th Cir. 2008). The court must review all of the evidence in the record, but make no credibility determinations or weigh any evidence; disregard all evidence favorable to the moving party that the jury is not required to believe; and give credence to the evidence favoring the non-moving party as well as to the evidence supporting the moving party that is uncontradicted and un-impeached. *Moore v. Willis Ind. Sch. Dist.*, 233 F.3d 871, 874 (5th Cir. 2000).

However, the non-movant cannot avoid summary judgment simply by presenting "conclusory allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation." *TIG Ins. Co. v. Sedgwick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). " To withstand a motion for summary judgment, a plaintiff must show that there is a genuine issue for trial by presenting evidence of specific facts." *Bellard v. Gautreaux*, 675 F.3d 454, 460 (5th Cir. 2012) (citing *Liberty Lobby, Inc.*, 477 U.S. at 248–49). By the same token, the moving party will not meet its burden of proof based on conclusory "bald assertions of ultimate facts." *Gossett v. Du-Ra-Kel Corp.*, 569 F.2d 869, 872 (5th Cir. 1978); *see also Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1221 (5th Cir. 1985).

## IV. ANALYSIS

### A. Breach of Contract

The essential elements of a breach of contract claim in Texas are: "(1) the existence of a valid

contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach." *Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 418 (5th Cir. 2009) (quoting *Aguiar v. Segal*, 167 S.W.3d 443, 450 (Tex. App.—Houston [14th Dist.] 2005, pet. denied)).

In her original state court petition, Northcutt recites the elements of a breach of contract claim against CMI, but fails to allege a specific contract or breach. Dkt. 1, Ex. A ¶ 21. The two written agreements at issue are the Note and the Deed of Trust. Northcutt alleges no specific breach of either. In fact, she admits that she has breached both the Note and the Deed of Trust because she stopped making payments. *Id.* at ¶¶ 10-15. In the absence of evidence creating a genuine issue of fact that defendants breached a contract, Northcutt cannot maintain her breach of contract claim.

  **B.** *Negligence*

Northcutt's claim for negligence suffers similar infirmities. She recites the elements of a negligence cause of action but fails to include a single factual allegation regarding any of those elements. Moreover, even if she had proffered some evidence to support a negligence claim, she could not sustain it as a matter of law. Under Texas law, "[w]hen the injury is only the economic loss to the subject of a contract itself, the action sounds in contract alone." *Jim Walter Homes, Inc. v. Reed*, 711 S.W.2d 617, 618 (Tex. 1986). Tort damages, thus, are generally not recoverable if the defendant's conduct "would give rise to liability only because it breaches the parties' agreement." *Sw. Bell Tel. Co. v. DeLanney*, 809 S.W.2d 493, 494 (Tex. 1991). Tort damages are, however, recoverable if the defendant's conduct "would give rise to liability independent of the fact that a contract exists between the parties." *Id.* Here, CMI's alleged actions giving rise to Northcutt's claims concern the Note and Deed of Trust. Dkt. 1, Ex. A. Because the only relationship between Northcutt and CMI is contractual, any duty owed to Northcutt by CMI is also contractual, and

5

"cannot form the basis of a tort claim." *Kaechler v. Bank of Am., N.A.*, Civ. No. H-12-423, 2013 WL 127555 at *6 (S.D. Tex. Jan. 9, 2013) (collecting cases). Therefore, Northcutt cannot maintain her cause of action for negligence.

### C.   *Wrongful foreclosure*

The elements of a wrongful foreclosure claim in Texas are "(1) a defect in the foreclosure sale proceedings; (2) a grossly inadequate selling price; and (3) a causal connection between the defect and the grossly inadequate selling price." *Sauceda v. GMAC Mortg. Corp.*, 268 S.W.3d 135, 139 (Tex. App.—Corpus Christi 2008, no pet.). Northcutt recites the elements of a wrongful foreclosure action in her petition. Dkt. 1, Ex. A at ¶¶ 24-25. However, she alleges no facts to support her cause of action. And, she has not disputed CMI's evidence demonstrating that the foreclosure sale was properly carried out. Dkt. 11 at 13. Moreover, in her petition, she admits that she was noticed of the foreclosure sale. Dkt. 1, Ex. A at ¶¶ 15-16.

More importantly, Northcutt is still in possession of the property. Dkt. 11, at 83 ¶ 8. "[A]s a matter of law Plaintiffs' continued possession of the property precludes their claim for wrongful foreclosure." *Barcenas v. Fed. Home Loan Mortg. Corp.*, Civ. No. H-12-2466, 2013 WL 286250 at *7 (S.D. Tex. Jan. 24, 2013) (collecting cases); *see also Motten v. Chase Home Fin.*, 831 F. Supp. 2d 988, 1007 (S.D. Tex. 2011) (explaining that there is no Texas cause of action for attempted wrongful foreclosure because the theory of recovery in a wrongful foreclosure action is the lost possession of property). Therefore, Northcutt's wrongful foreclosure claim fails as a matter of law.

### D.   *Slander of Title*

The elements for a slander of title claim in Texas are "(1) the utterings and publishing of disparaging words; (2) that they were false; (3) that they were malicious; (4) that special damages were sustained thereby; (5) that the plaintiff possessed an estate or interest in the property

6

disparaged; and (6) the loss of a specific sale." *Casey v. Fed. Home Loan Mortg. Ass'n*, Civ. No. H-11-3830, 2012 WL 1425138 at *5 (S.D. Tex. Apr. 23, 2012). Northcutt's petition recites these elements except for the last one—the loss of a specific sale. Dkt. 1, Ex. A at ¶¶ 26–27. In Texas, it is a long standing rule that "[i]n order to recover in a slander of title suit, the plaintiff must allege the loss of a specific sale." *A. H. Belo Corp. v. Sanders*, 632 S.W.2d 145, 146 (Tex. 1982) (quoting *Shell Oil Co. v. Howth*, 138 Tex. 357, 159 S.W.2d 483 (1942)). Moreover, as in her claim for wrongful foreclosure, Northcutt has failed to allege any facts in support of her claim. Accordingly, her claim for slander of title fails.

> E.     *Effect of the Home Affordable Modification Program ("HAMP")*

Northcutt argues that CMI's handling of the foreclosure sale violates the Home Affordable Modification Program ("HAMP"). Dkt. 1, Ex. A at ¶ 16. As above Northcutt pleads no further facts on this issue. "Although the Fifth Circuit has yet to rule on the issue, the majority of courts have held that HAMP does not create a private right of action in a borrower." *Tran v. BAC Home Loans Servicing, LP*, Civ. No. H-10-3514, 2011 WL 5057099, at *2 (S.D. Tex. Oct. 24, 2011) (collecting cases). *See Miller v. Chase Home Fin., LLC*, 677 F.3d 1113, 1116 (11th Cir. 2012). Northcutt may not maintain a cause of action under HAMP. And, the court notes that even if she could, she has failed to assert any facts in support of her claim. Accordingly, Northcutt's claims under HAMP fail.

7

## V. CONCLUSION

Pending before the court is defendants' motion for summary judgment. Dkt. 10. Upon review of the motion and the applicable law, the motion is GRANTED.

It is so ORDERED.

Signed at Houston, Texas on June 27, 2013.

                                                                                    Gray H. Miller
                                                                   United States District Judge